SONTAG (HYDE v.). See Case No. 6,974.

SOPER (UNITED STATES v.). See Case No. 16,353.

SOPHIA, The (ADAMS v.). See Case No. 65.

SOPHIA, The ANNIE. See Case No. 424.

———

## Case No. 13,177.

SORTWELL et al. v. HUGHES.

[1 Curt. 244.] [1]

Circuit Court, D. New Hampshire. Oct., 1852.

SALE—LIQUORS—STATUTORY PROHIBITION—ACTION FOR PRICE.

1. A statute inflicting a penalty on a sale, extends only to executed sales, by which the property passes from the vendor to the vendee, and not to mere executory contracts, especially if they are declared void, by another statute of the same state.

[Cited in Lang v. Lynch, 38 Fed. 490.]

[Cited in Abberger v. Marrin, 102 Mass. 72; Herion v. State, 51 Ark. 133, 10 S. W. 25. Cited in brief in Lewis v. McCabe, 49 Conn. 147; Orcutt v. Nelson, 1 Gray, 540. Distinguished in Webber v. Howe, 36 Mich. 154.]

2. A mere sale in one state or country, made with knowledge that the vendee intended to use the property, to violate some positive law of another state or country, can be the foundation of an action in the state or country whose law was intended to be violated.

[Cited in U. S. v. Martin, Case No. 15,729. Approved in Green v. Collins, Id. 5,755. Cited in Buchanan v. Drovers' Nat. Bank, 5 C. C. A. 83, 55 Fed. 226.]

[Cited in Adams v. Coulliard, 102 Mass. 173; Almy v. Greene, 13 R. I. 353; Frank v. Hoey, 128 Mass. 264. Disapproved in Graves v. Johnson, 156 Mass. 213, 30 N. E. 818. Cited in Hill v. Spear, 50 N. H. 279.]

This is an action for goods sold and delivered [by Daniel R. Sortwell and others against Peter Hughes]. An auditor, appointed by consent of parties, having made a report, it was agreed that his report should be taken to be a statement of facts. The material facts found by him were, that the defendant was engaged, at Dover, N. H., in the sale of spirituous liquors without a license; that one of

[1] [Reported by Hon. B. R. Curtis, Circuit Justice.]

22FED.CAS.—51

the plaintiffs, being from time to time at the defendant's place of business in Dover, received verbal orders from him for these liquors, promised to send them to him, and on his return to Boston, did deliver them, either at the Boston & Maine Railroad, or on board some vessel, consigned to the defendant, at Dover, who, upon their reception, paid the freight. One parcel was ordered by the defendant, personally, in Boston, and sent in the same manner as the others.

Mr. Hackett, for plaintiffs.
Mr. Christie, for defendant.

CURTIS, Circuit Justice. The statute law of New Hampshire, in force when these transactions took place, inflicted a penalty upon any person, not licensed, who should sell any spirituous liquor or wine. The first question is, whether the sales, for which this action was brought, were made in the state of New Hampshire. If they were not, that statute, which can have no extraterritorial operation, did not subject the plaintiffs to any penalty. A sale has been defined to be, "a transmutation of property from one man to another, in consideration of some price, or recompense in value." 2 Bl. Comm. 446. Was enough done between these parties, in the state of New Hampshire, to pass this property to the defendant? In the first place, it does not appear that the orders given by the defendant, and assented to by the plaintiff, in New Hampshire, pointed to any particular casks or packages. The kind, the quantity, and the price, are all the particulars found by the auditor to have been agreed on. It remained for the vendors, after the return of one of the plaintiffs to Boston, to fix on the particular liquors to be sent to answer the order, either by separating them from larger quantities, or by designating and setting apart particular casks or packages. Indeed, it does not appear that the liquors actually sent were even owned by the plaintiffs when the orders were given. Besides, under the statute of frauds, the oral contract of sale was not sufficient to pass the property. It is true it passed afterwards, by the delivery to the carrier, that mode of delivery being the one found by the auditor to have been agreed on by the parties. Hart v. Sattley, 3 Camp. 528. But this act was done in Massachusetts.

To test this question, suppose the plaintiffs had been indicted in New Hampshire for violating this penal law, and the jury had found specially the facts reported by the auditor, it seems to me the plaintiffs could not have been convicted, because it would not appear that a complete sale had been made in the state of New Hampshire. I am aware that there is a decision by a highly respectable court, Territt v. Bartlett, 21 Vt. 184, that a similar statute in the state of Vermont was violated by acts not distinguishable from those in the case at bar. If this had been so decided in New Hampshire, by the highest

court of law, I might have felt bound to yield to the exposition of a statute of that state, by that court. But I cannot construe a penal statute, which punishes a sale, so broadly, as to hold, that it applies to a mere executory contract for a sale. In my judgment, it extends only to executed sales, by which the property passes from the vendor to the vendee; and, in the absence of any decision to the contrary in New Hampshire, I must so hold in this case. And if the acts done in New Hampshire were not sufficient to subject the plaintiffs to a penalty, there is no implication that those acts are forbidden by statute; and so there is no ground to argue that, for this cause, the action cannot be sustained. I understand the doctrine of the highest court of law in New Hampshire to be, that if a penalty is affixed to an act, this carries with it an implication that the act itself is forbidden; and if forbidden, it cannot be the ground of an action. But if what was done, in this case, at Dover, is not by implication forbidden, and if what was done at Boston cannot be within any statute of New Hampshire, the cases decided in that state can have no application. 10 N. H. 377; 14 N. H. 294, 431.

The other ground of defence is, that if there was not a sale in New Hampshire, the property was sold by the plaintiffs, with a knowledge that the defendant intended to sell it, in violation of the law of New Hampshire; and no recovery can be had, according to the law of that state. Having come to the conclusion that these sales were not made in New Hampshire, and it not appearing that the plaintiffs in any way participated in the defendant's illegal sales, or did anything, except to sell the property in the usual course of their business, the case of Holman v. Johnson, Cowp. 341, is directly in point, to show that a recovery may be had. I am not aware that this case has been overruled in England; though the extension of the principle, to a sale in England, in the case of Hodgson v. Temple, 5 Taunt. 181, has been much questioned. Cope v. Rowlands, 2 Mees. & W. 149; Langton v. Hughes, 1 Maule & S. 593; Cannan v. Bryce, 3 Barn. & Ald. 179. And in the case decided in Vermont, although Holman v. Johnson is said to go to the verge of the law, it is assented to, as not in itself wrong. I am inclined to the opinion, therefore, that I should take the same view of this case, if I were to decide it according to my own judgment of what the law is, as was taken in Holman v. Johnson; but I am relieved from this necessity by the decision of the supreme court of the United States, in Harris v. Runnells, 12 How. [53 U. S.] 79. This decision goes even further than Hodgson v. Temple, and holds, that where the sale was an offence by reason of a statute, but the act itself was not immoral, and the sale itself was not declared void by the statute, there was no implication, from the mere infliction of the penalty, that the contract was forbidden, and so void. I found myself unable to unite in the opinion in that case, but I am bound by it. A fortiori, upon the principles of that decision, there is no implication that the statute forbids a sale in another state, to a person who intends to bring the property into New Hampshire and there sell it, contrary to the law of that state, and no principle of the common law which renders such a sale illegal and void.

But I more than doubt whether the defendant has, in point of fact, brought himself within the principles on which he relies. The auditor has not found, that at the several times when these sales were made, the plaintiffs, or either of them, knew that the defendant had no license, and intended to sell these liquors in violation of the law of New Hampshire. He finds that one of the plaintiffs was in the defendant's store, several times while the account was accruing, and saw persons there drinking, and was aware that the defendant had no license to sell intoxicating liquors, and asked him, at the time he first proposed to sell to him, if he was not afraid of being prosecuted for selling liquors, and he said that he was, and had been prosecuted, and the plaintiff said he must be careful. Certainly these facts would justify the inferences of fact on which the defendant relies; but a statement of facts is like a special verdict, and the court can draw no inferences of fact. Now, the material facts found are, that several times, while the account was accruing, one of the plaintiffs knew the defendant had no license. How can the court apply this to any particular sales? He asked him, at the time he first proposed to sell to him, if he was not afraid of being prosecuted; but it is not said he did in fact then sell anything; and how can I infer the fact that this property was sold, for the sole purpose of being retailed by the defendant in New Hampshire, he neither having, nor intending or expecting, to obtain a license? It may all be true; the facts found, unexplained, would lead me to believe so; but I have no right to act upon the inferences which I might draw, the parties not having conferred upon me any authority to draw any inference of fact whatever.

Let a judgment be entered for the plaintiffs, for the balance found by the auditor, and interest from the date of the writ.

SOTO (UNITED STATES v.). See Cases Nos. 16,354–16,357.

SOUDERS (UNITED STATES v.). See Case No. 16,358.

SOUDER, The EMILY B. See Cases Nos. 4,454–4,458.

SOULE (HENDY v.). See Case No. 6,359.

SOULE (HOWLAND v.). See Case No. 6,800.

SOULE (LONG v.). See Case No. 8,483.