## JONES & a. v. SURPRISE.

The sale of intoxicating wines is prohibited by Gen. Laws, *c.* 109, *s.* 13.

A person who solicits or takes orders for spirituous liquors in this state, to be delivered at a place without this state, knowing or having reasonable cause to believe that if so delivered the same will be transported to this state and sold in violation of the laws thereof, cannot recover the price of such liquors in the courts of this state, although the sale may be lawful in the state where it takes place.

The rule of comity does not require a people to enforce in their courts of justice any contract which is injurious to their public rights, or offends their morals, or contravenes their policy, or violates public law.

Comity will not extend the remedy afforded by the laws of this state to enforce a contract valid in the state or country where it is made, when it is tainted by the illegal conduct within this state of the party seeking to enforce it.

ASSUMPSIT, to recover a balance due for the sale of wines and spirituous liquors.  Plea, the general issue, with a brief statement that the contract was void under Gen. Laws, *c.* 109, *s.* 18.  Facts found by the court.

The plaintiffs were liquor dealers in Boston, and the defendant a saloon-keeper in Suncook at the time of the sale of the liquors in suit.  The plaintiffs' agent solicited orders for the liquors in the defendant's saloon, and forwarded the orders to the plaintiffs in Boston, having no authority to make a contract for their sale.  He informed the defendant that the liquors would be delivered to him at the plaintiffs' store-rooms in Boston.  When he solicited the orders he had no knowledge of the provisions of *s.* 18, *c.* 109, Gen.

Laws, and did not intend the violation of any law of this state. He knew at the time of the sale that the defendant bought for the purpose of selling in violation of law. The liquors were delivered to carriers in Boston for the defendant, and he paid the cost of transportation from Boston to Suncook where he received them. Their sale was authorized by the law of Massachusetts.

The plaintiffs claimed that the sale being valid by the law of Massachusetts, the law of this state prohibiting the taking or soliciting of orders did not invalidate it. They further claimed, that as the statute prohibits the taking of orders for spirituous or distilled liquors only, they can recover for the wines. There was evidence tending to show that the wines were intoxicating.

*Bingham & Mitchell* and *E. F. Jones*, for the plaintiffs, took and commented upon the following positions: The contract in suit, having been made in and authorized by the law of Massachusetts, is valid and enforcible here. To solicit or take an order for liquor in violation of *s.* 18, *c.* 109, Gen. Laws, does not render invalid a sale made and completed in another state, where the sale is legal. The solicitation or taking an order is no part of the contract. The agent had no authority to make a contract for the sale of goods. The person who solicits an order although it is not given to him, or who takes an order although he does not solicit it, violates the law and incurs the penalty. The offence is perfect and complete the moment a person either solicits or takes an order; it is complete whether goods are ever delivered or not; it is as complete if the order is rejected as if it is filled by delivering the goods. The offence does not depend upon the contract, nor the contract upon the offence. Each stands upon an entirely independent basis, and neither has any legitimate connection with the other. Each results from the law of different jurisdictions. The law of this state prohibits and punishes an act here, but does not declare void a valid Massachusetts contract subsequently made. It inflicts a penalty, but does not declare a forfeiture of property. The law of New Hampshire does not forbid a sale in Massachusetts. This statute does not repeal or abolish the common law existing and recognized here at the time of its passage, by virtue of which contracts of this kind are enforced. The omission of the legislature to declare such contracts non-enforcible is a recognition of the continuance of the common-law rule of *Hill* v. *Spear*, 50 N. H. 253;—see, also, *Corning* v. *Abbott*, 54 N. H. 469, *Boothby* v. *Plaisted*, 51 N. H. 436, *Butler* v. *Northumberland*, 50 N. H. 33, *Garland* v. *Lane*, 46 N. H. 248, *Banchor* v. *Warren*, 33 N. H. 183, *Smith* v. *Smith*, 27 N. H. 244, *Woolsey* v. *Bailey*, 27 N. H. 219, *Smith* v. *Godfrey*, 28 N. H. 381, *Green* v. *Collins*, 3 Cliff. 494, Story Conf. Laws, *s.* 242, *Mc-Conihe* v. *McMann*, 27 Vt. 95, *Gaylord* v. *Soragen*, 32 Vt. 110- *Tuttle* v. *Holland*, 43 Vt. 542, and *Webber* v. *Donnelly*, 33 Mich. 469.

*Albin & Martin*, for the defendant.

SMITH, J.   It is made a criminal offence for any person not an agent to sell or keep for sale spirituous liquor, or for any person within this state to solicit or take an order for spirituous liquor to be delivered at any place without this state, knowing, or having reasonable cause to believe, that if so delivered the same will be transported to this state and sold in violation of our laws.   G. L. *c.* 109, *ss.* 13, 18.   One question in this case is, whether intoxicating wines are included within the terms of this statute.   The legislature has defined intoxicating liquor as follows : " By the words ' spirit,' ' spirituous,' or ' intoxicating liquor,' shall be intended all spirituous or intoxicating liquor, and all mixed liquor, any part of which is spirituous or intoxicating, unless otherwise expressly declared."   G. L., *c.* 1, *ss.* 1, 31.   As intoxicating wines and other intoxicating fermented liquors are not expressly excluded from the operation of *ss.* 13, 18, 19, *c.* 109, of the Gen. Laws, the only conclusion is that they come within the prohibition of its terms.   No reason appears why the legislature should prohibit the solicitation of orders for one class of intoxicating liquors and permit it as to others.   The construction of statutes is governed by legislative definitions ; that of indictments by the ordinary use of language. *State* v. *Adams*, 51 N. H. 568 ; *State* v. *Canterbury*, 28 N. H. 195 ; *State* v. *Butman*, 61 N. H. 511, 515.

The remaining question is, whether the plaintiffs can maintain an action in our courts for the price of liquors sold and delivered in a state where the sale is lawful, they having solicited and taken orders for the liquors in this state in violation of our laws.   That their authorized agent, who solicited and took the orders, did not know the solicitation or taking of orders was prohibited, and did not intend the violation of any law, is immaterial.   A person is presumed to know and understand not only the laws of the country where he dwells, but also those in which he transacts business.   In *Hill* v. *Spear*, 50 N. H. 253, it was held by a majority of the court that mere solicitation by a dealer in liquors of orders in the future for spirituous liquors, even though he may have had reason to believe and did believe that the liquors would be resold by the purchaser in violation of the law of this state, is not such a circumstance as will affect the validity of a subsequent sale of such liquors in a state where the sale is not prohibited.   Numerous decisions in England and in this country upon the subject were cited and discussed in that case, and an extended review of most of the same authorities may be found in *Tracy* v. *Talmage*, 14 N. Y. 162. Further discussion of the authorities is not called for at the present time.   When *Hill* v. *Spear* was decided, the soliciting of orders for spirituous liquors to be delivered without the state was not prohibited.   The present statute (G. L., *c.* 109, *ss.* 18, 19), first

enacted in 1876 (Laws of 1876, *c.* 33), makes the mere soliciting or taking of such orders, or the going from place to place soliciting or taking such orders, with knowledge or reasonable cause to believe that the liquors will be transported to this state and sold in violation of law, without any other act in furtherance of the vendee's design, a criminal offence, punishable by fine or imprisonment. The plaintiffs' authorized agent, who solicited and took these orders from the defendant, knew the liquors were to be kept and sold by the defendant in this state in violation of law. His knowledge is in law the knowledge of the plaintiffs.

The plaintiffs contend that inasmuch as the soliciting of orders constituted no part of the contract when the soliciting was not prohibited, the act of soliciting, now that it is made illegal, cannot vitiate a contract of which it forms no part. The case is not affected by the plaintiffs' ability to prove a sale without proof of the solicitation. No people are bound to enforce or hold valid in their courts of justice any contract which is injurious to their public rights, or offends their morals, or contravenes their policy, or violates public law. And every independent community will judge for itself how far the rule of comity between states is to be permitted to interfere with its domestic interests and policy. 2 Kent Com. 457, 458; *Hill* v. *Spear*, 50 N. H. 253, 262; *Bliss* v. *Brainard*, 41 N. H. 256, 258. The object of the statute of 1876 (G. L., *c.* 109, *ss.* 18, 19) was to discourage the sale of liquor in other states to be transported to this state and sold in violation of its statutes. New Hampshire cannot prohibit the sale of liquor in other states, but it can punish, as it does by this statute, acts done in this state with the purpose of facilitating sales of intoxicating liquors in other states to be transported to this state and to be illegally sold here, in contravention of our policy and to the injury of our citizens. The statute was intended to make such sales and transportation difficult, if not impossible, by subjecting those who violate its provisions to the penalty of fine or imprisonment. Where a statute provides a penalty for an act, this is a prohibition of the act. In *Bartlett* v. *Vinor*, Carth. 252—*S. C.*, Skin. 322, *Holt*, C. J., said,— "Every contract made for or about any matter or thing which is prohibited or made unlawful by any statute is a void contract, though the statute does not mention that it shall not be so, but only inflicts a penalty on the offenders, because a penalty implies a prohibition, though there are no prohibitory words in the statute." Accordingly it is everywhere held that wherever an indictment can be sustained for the illegal sale of liquors or other goods, there the price cannot be recovered (*Bliss* v. *Brainard*, 41 N. H. 256, 268, *Smith* v. *Godfrey*, 28 N. H. 384, *Caldwell* v. *Wentworth*, 14 N. H. 431, *Lewis* v. *Welch*, 14 N. H. 294, *Pray* v. *Burbank*, 10 N. H. 377); and if this was a New Hampshire contract the plaintiffs could not recover. The law does not help the seller to recover the price of goods, the sale of which it interdicts. The reason of this rule

applies in this case. Although this contract was executed in Massachusetts, it had its inception in this state, in direct violation of our laws. Orders for these liquors were solicited and taken here by the plaintiffs' agent, sent here for that purpose ; were transmitted by him to the plaintiffs ; were accepted by them, and became the basis of the contract which they seek to enforce in this state. The orders are evidence for the plaintiffs as to price, quantity, and kinds of liquors purchased, as well as of an offer by the defendant to purchase, if, indeed, it is not true that the plaintiffs cannot prove their case without founding it upon the orders. Both the soliciting and the taking of the orders was an indictable offence, in which the agent was principal. The inciting, encouraging, and aiding another to commit a misdemeanor is itself a misdemeanor. Russ. on Crimes 46, 47. The plaintiffs stand precisely as they would if they, instead of their agent, had solicited and taken the orders.· G. L., *c.* 284, *s.* 7. Having aided. abetted, procured, and hired their agent to violate our laws by soliciting and taking orders for the very liquors embraced in this contract, they cannot with any grace invoke the remedy afforded by our laws to recover the price. No rule of comity requires us to enforce in favor of a non-resident a contract which had its origin in the open violation of law, and which would not be enforced in favor of our own citizens, especially when it is offensive to our morals, opposed to our policy, and injurious to our citizens. Its enforcement would tend to nullify the statute which the plaintiffs have caused to be violated. The law which prohibits an end, will not lend its aid in promoting the means designed to carry it into effect. It does not promote in one form that which it prohibits in another. *White* v. *Buss,* 3 Cush. 448, 450. The opinion in *Hill* v. *Spear* (*p.* 264) concedes that there could be no recovery if the plaintiffs had actively participated in an illegal act in effecting the sale, and is put upon the ground that Stewart, their agent, did not advise, request, or encourage any violation of the laws of this state.

In *Bliss* v. *Brainard,* 41 N. H. 256, 268, we said,—" Where a contract grows immediately out of, and is connected with, an illegal or immoral act, a court of justice will not lend its aid to enforce it. So, if the contract be in part connected with the illegal consideration, but growing immediately out of it, though it be in fact a new and separate contract, it is equally tainted by it." In that case the plaintiff sought to recover for the value of the casks in which the liquors were contained, and for the freight and cartage of the liquors, the sale of the liquors being unlawful. *Fowler,* J., said,— " Aside, therefore, from the positive provisions of the Massachusetts statute, withdrawing all protection from vessels and casks when employed as the instruments for perpetuating a violation of positive law, we think the sale of the casks was so tainted with the illegality of the sale of the liquors, so much a part of the *res gestæ* of the main illegal and criminal transaction, and so much the mere instru-

ment whereby it was accomplished, that no action can be maintained to recover their price." For analogous reasons the plaintiffs in this case cannot recover. Although this is a Massachusetts contract, valid in that state, it is so tainted by the plaintiffs' illegal conduct in soliciting, taking, and transmitting orders in violation of the statute, that comity will not extend to them the remedy afforded by our laws. The taking of such orders tends directly to encourage the illegal sale of liquors in this state, and, being prohibited, it follows that an action to recover the price of liquors sold and delivered pursuant to orders so solicited cannot be maintained in this state, although the sale of intoxicating liquors in the state or country where they are sold and delivered is not illegal. *Dunbar* v. *Locke*, 62 N. H. —.

*Judgment for the defendant.*

CARPENTER, J., did not sit: the others concurred.