## LANG et al. v. LYNCH.

*(Circuit Court, D. New Hampshire.  April 19, 1889.)*

1. INTOXICATING LIQUORS—ILLEGAL SALES—ACTION FOR PRICE.
   The taking of an order for liquor by a traveling salesman, in New Hampshire, to be filled by his principals residing in another state, forms a part of the contract of sale, so as to make the transaction void under Gen. Laws N. H. c. 109, § 13, making it a criminal offense to solicit or take orders for spirituous liquors in the state, to be delivered at a place without the state, knowing or having reasonable cause to believe that if so delivered the same will be transported into the state, and sold in violation of law. Following *Jones* v. *Surprise*, (N. H.) 9 Atl. Rep. 384.

2. SAME.
   The effect of that statute is to bar the right to recover the price of liquor sold in violation of its provisions. Following *Jones* v. *Surprise*, (N. H.) 9 Atl. Rep. 384.

3. SAME—CONSTITUTIONAL LAW—REGULATION OF COMMERCE.
   That statute is not a restriction upon interstate commerce. Distinguishing *Bowman* v. *Railway Co.*, 8 Sup. Ct. Rep. 689, 1062.

At Law. On motion by plaintiffs for new trial.

*John Hatch*, for plaintiffs.

*John S. H. Frink*, for defendant.

COLT, J. By the laws of New Hampshire it is made a criminal offense for a person to solicit or take orders for spirituous liquors in the state, to be delivered at a place without the state, knowing, or having

reasonable cause to believe, that if so delivered the same will be transported into the state, and sold in violation of law. Gen. Laws, c. 109, § 13. The present suit is brought to recover the price of certain liquor sold by the plaintiffs, who are residents of Pennsylvania, to the defendant, a resident of New Hampshire, an agent of the plaintiffs in New Hampshire having first taken an order for the liquors from the defendant. The plaintiffs now move for a new trial on the ground of error in the rulings of the court. There are three grounds on which the plaintiffs claim a new trial: *First*, that the taking of the order forms no part of the contract of sale, and therefore does not bar a recovery of the price; *second*, that the law of New Hampshire inflicting a penalty for the offense of soliciting or taking an order does not bar the right to recover the price of the liquor sold; *third*, that the statute is unconstitutional, because it is a regulation in restraint of commerce between the states. In *Jones* v. *Surprise*, 64 N. H. 243, 9 Atl. Rep. 384, the supreme court of New Hampshire, in an elaborate opinion, have considered the first two questions which the plaintiffs now raise by this motion. See, also, *Hill* v. *Spear*, 50 N. H. 253. Under the decisions of the supreme court of the United States, I think this tribunal is bound to follow the construction put upon this statute by the highest court of the state. From the recent opinion in *Bucher* v. *Railroad Co.*, 125 U. S. 555, 8 Sup. Ct. Rep. 974, it seems clear that the present case comes within this rule of construction. But, independently of this rule, I agree with the conclusions of the state court in *Jones* v. *Surprise*. The case of *Harris* v. *Runnels*, 12 How. 79, cited by the plaintiffs, turned upon the construction of the statutes of Mississippi, and the intent of the legislature relative thereto, but there is nothing in the opinion of the court in that case, nor in *Sortwell* v. *Hughes*, 1 Curt. 244, which is also relied upon by the plaintiffs, when we carefully analyze those cases, which is in conflict with the decision of the court in *Jones* v. *Surprise*. I am of opinion, therefore, that the taking of the order by the agent of the plaintiffs was a part of the contract of sale so far as to forbid a right of recovery upon the contract, and that the statute of New Hampshire inflicting a penalty for the offense prohibits the right of recovery for the price of liquors sold.

Upon the point that the law is unconstitutional the plaintiffs rely upon the recent case of *Bowman* v. *Railway Co.*, 125 U. S. 465, 8 Sup. Ct. Rep. 689, 1062. That case decided that a statute of Iowa which restricted the importation of liquors from another state was void because it was a violation of the right of congress to regulate commerce between the states. But that case is not applicable to the present one. The statute of New Hampshire does not restrict the importation of liquors from other states; it simply forbids the taking of orders for liquors to be sold within the state in violation of law. It may be that the effect of the law is to prevent the importation of liquors from other states, but the distinction between state restrictions upon the importation and state restrictions upon the sale of a commodity when within the state is clearly recognized, and well defined. It is well stated in the closing words of Mr. Justice MATTHEWS in *Bowman* v. *Railway Co.*:

"It is enough to say that the power to regulate or forbid the sale of a commodity, after it has been brought into the state, does not carry with it the right and power to prevent its introduction by transportation from another state."

The motion for a new trial is overruled.