### HOLDEN & a. v. BROOKS & a.

Soliciting or taking an order in this state for spirituous liquor, to be delivered outside the state, will not preclude a recovery for the price unless the vendor knew or had reasonable cause to believe that the liquor, if delivered, would be transported to this state and sold in violation of law.

ASSUMPSIT, to recover the price of one barrel of alcohol ordered at Berlin by the defendants through the plaintiffs' agent, and shipped by the plaintiffs in Boston, where the sale was legal, to the defendants, in accordance with the order. A referee found that the agent did not know, and had no reasonable ground for believing, that the alcohol, if furnished, would be sold as a beverage or contrary to law.

*R. N. Chamberlin*, for the plaintiffs.

*D. J. Daley* and *H. I. Goss*, for the defendants.

BINGHAM, J. The action is assumpsit, to recover the price of a barrel of alcohol sold by the plaintiffs to the defendants. The plaintiffs reside in Massachusetts and the defendants in this state. The sale was made in Massachusetts. The defence claimed is, that the plaintiffs' agent solicited and took the order for the alcohol in this state in violation of Gen. Laws, c. 109, s. 18, which provides that if any person within this state shall solicit or take any order for spirituous liquors, to be delivered at any wharf, depot, or other place without the state, knowing, or having reasonable cause to believe, that if so delivered it would be transported to this state and sold in violation of law, he may be indicted and fined.

When an indictment can be maintained for a sale of liquor, or for any prohibited act connected with or making a part of such sale, no recovery for the price can be had, although the sale may be lawful in the state where it was completed. *Jones* v. *Surprise*, 64 N. H. 243, 246. The difficulty with the defence is, that the

referee has found that the agent of the plaintiffs, soliciting and taking the order, did not know, and had no reasonable cause for believing, that the alcohol ordered was to be resold in this state contrary to law. No question of law arises in the case.

*Exceptions overruled.*

CARPENTER, J., did not sit: the others concurred.