Rockingham, }
Dec., 1895. }

## STATE v. LAGER BEER.

68  377
70  455

Intoxicating malt liquor kept for sale in violation of law is liable to seizure and forfeiture under P. S., c. 112, s. 30.

LIBEL, in which the town of Exeter is complainant, alleging that " the following particularly described spirituous and intoxicating liquors, . . . to wit, twenty-six cases of lager beer, of two dozen bottles each, of the value of sixty-four and $\frac{22}{100}$ dollars, . . . were kept for sale in violation of law in a certain building in said Exeter, occupied by Ezra Fisher as a bottling establishment; that upon a lawful and proper warrant search of said premises was lawfully made and the goods and chattels above described there found then and there kept for sale in violation of law as aforesaid were duly seized, whereby said intoxicating liquor . . . became forfeited."

Ezra Fisher appeared as claimant and moved to dismiss the libel, on the ground that there is no law authorizing the seizure and forfeiture of malt liquors. The motion was denied and the claimant excepted.

*Eastman, Young & O'Neill,* for the state.

*Arthur O. Fuller,* for the claimant.

BLODGETT, J.   The contention that there is no law authorizing the seizure and forfeiture of malt liquors cannot be sustained. The libel in this case alleges, and the claimant does not deny, that the liquors in question are intoxicating.   If this be so, they are clearly within the intent and meaning of the statute (P. S., *c.* 112, *s.* 30) providing that "Any spirituous liquor kept for sale in violation of law . . . may be seized, . . . and upon due proceedings may be adjudged forfeited," because it is enacted by the chapter relating to the construction of statutes that "By the words 'spirit,' 'spirituous liquor,' or 'intoxicating liquor' shall be intended all spirituous or intoxicating liquor, and all mixed liquor any part of which is spirituous or intoxicating, unless otherwise expressly declared."   P. S., *c.* 2, *s.* 33.   There being no such statutory declaration as to fermented intoxicating liquor, the construction of *s.* 30, *c.* 112, is controlled by the legislative definition in *s.* 33, *c.* 2.   "The construction of statutes is governed by legislative definitions; that of indictments by the ordinary use of language."   *Jones* v. *Surprise,* 64 N. H. 243, 245, and authorities cited.

It is hardly necessary to go farther; but the claimant's contention is also no less clearly refuted by the historical evidence. In its original form, and with certain exceptions which it is unnecessary at this time to consider, the prohibitory law made it unlawful and criminal "to sell or keep for sale any spirituous or intoxicating liquor, or any mixed liquor, any part of which is spirituous or intoxicating," and subjected "any intoxicating liquor" illegally kept for sale to seizure and forfeiture.   Laws 1855, *c.* 1658, *ss.* 1, 10–15.   In the revision of this law in 1867, "spirituous liquor" was substituted for the longer and more specific description of intoxicating liquor in *s.* 1, and in the chapter of definitions *s.* 33, *c.* 2, of the present statutes was enacted. G. S., *c.* 1, *s.* 31; *Ib., c.* 99, *s.* 13.   This definition was copied in the revisions of 1878 and 1891 (G. L., *c.* 1, *s.* 31; P. S., *c.* 2, *s.* 33), and its meaning has not been changed in the forty years that have elapsed since the enactment of the prohibitory law. During that time there has been a statutory variation in relation to the legality and penal consequences of selling fermented intoxicating liquor and keeping it for sale; but now, as in 1855, such liquor is not an exception to the rule that intoxicating liquor illegally kept for sale is liable to seizure and forfeiture.

*Exception overruled.*

PARSONS, J., did not sit: the others concurred.