THE STATE, Appellant, vs. WILLIAMSON, Respondent.

1. An indictment under the 34th section of the 8th article of the act concerning crimes and punishments, (R. C. 1845,) which charges the defendant with selling "an intoxicating liquor, to-wit: one quart of whisky, on Sunday," is sufficient, although it does not state in the words of the statute that it was a "fermented or distilled liquor."

*Appeal from Laclede Circuit Court.*

The defendant was indicted for selling liquor on Sunday. The indictment charged that the defendant, " on, &c., at, &c., with, &c., did then and there sell to William Kudy and John McGenis, intoxicating liquor, to-wit: one quart of whisky, on the first day of the week, commonly called Sunday, for the price and sum of twenty cents, contrary," &c. A motion to quash the indictment was sustained by the Circuit Court, and the State appealed.

*Gardenhire*, (attorney general,) for the State, that the indictment was sufficient, cited *State* v. *Munger*, 15 Vermont, 295. *State* v. *Hereford*, 13 Mo. Rep. 3.

No appearance for respondent.

LEONARD, Judge, delivered the opinion of the court.

This indictment is sufficient. The statute (R. C. 1845, tit. " Crimes and Punishments," article 8, sec. 24,) prohibits the

selling of any fermented or distilled liquor on the first day of the week, commonly called Sunday, and the indictment charges the defendant with selling " an intoxicating liquor, to-wit: one quart of whisky, on Sunday." It is believed the general rule now is, that it is enough to describe the offence in any language that brings the case within the statute. Formerly, greater nicety prevailed upon this subject, and at an early period in our law the rule seems to have been that the very words of the statute must be used in cases of felony (2 Hawk. Pleas of the Crown, 354); but this is now otherwise, and the rules of common sense are allowed to prevail. In the *King against Amy*, (2 East. R. 34,) where the question was as to the sufficiency of the allegations in the indictment to bring the case within the statute, Lord Kenyon said: " In certain cases, it is true there must be known technical words used in order to describe particular offences, such as *murdravit*, in murder; *burglariter*, in burglary; *rapuit*, in rape. These having been long ago established to be necessary, must be abided by. But there is no rule of law which says there must be technical words in every case, nor am I inclined to multiply the instances;" and in *The King against Stevins & Agnew*, (5 East. 258,) upon a similar question, Lord Ellenborough said: " Every indictment or information ought to contain a complete description of such facts and circumstances as constitute the crime, without inconsistency or repugnancy, and, except in particular cases, where precise technical expressions are required to be used, there is no rule that other words shall be employed than such as are in ordinary use, or that, in indictments or other pleadings, a different sense is to be put upon them from what they bear in ordinary acceptation."

We have the opinion of Hale, than whom a more humane judge never sat in a court of justice, upon such niceties, expressed about two hundred years ago. He remarks, (2 Pleas of the Crown, 193,) that, " In favor of life great strictnesses have been, in all times, required in points of indictments, and the truth is, that it is grown to be a blemish and inconvenience

in the law and the administration thereof; more offenders escape by the over-easy ear given to exceptions in indictments than by their own innocence, and many times gross murders, burglaries, robberies and other heinous and crying offences escape by these unseemly niceties, to the reproach of the law, to the shame of the government, and to the encouragement of villany, and to the dishonor of God."

The question here is, whether the act prohibited by the statute is sufficiently described in the indictment. The prohibited liquor is " any fermented or distilled liquor," and whisky is the liquor charged to have been sold; and, as the courts are presumed to be acquainted with the meaning of English words, we must take notice that whisky is a spirit distilled from grain, and one species of the prohibited commodity. We are not required to shut our eyes to what we do know, and bring reproach upon the administration of the law, by giving way to objections so utterly destitute of any merit.

We do not know that this is the point upon which the case was decided in the Circuit Court, but it is the only matter to which our attention has been called, and we see no other objection to the indictment.

The judgment is reversed, and the cause remanded; Judge Ryland concurring; Judge Scott dissenting.