## STATE v. MARY PACKER.

*Liquor Selling—Sufficiency of Indictment—Port Wine—Common Knowledge.*

1. An indictment under the act of 1876-'77, ch. 38, for selling "intoxicating liquors" is sufficient without specifying the particular kind of liquor.
2. On the trial of such indictment it was proved that defendant sold port wine, but there was no evidence that it was intoxicating, and after a verdict of guilty the court refused a motion for a new trial; *Held,* not to be error. The fact of its intoxicating quality is a matter of common knowledge, and can be passed on by the jury without proof.

(*State* v. *Stanton,* 1 Ire., 424, cited and approved.)

INDICTMENT for a Misdemeanor tried at April Term, 1878, of NEW HANOVER Criminal Court, before *Meares, J.*

The facts are sufficiently stated in the opinion. There was a verdict of guilty, judgment, appeal by defendant.

*Attorney General,* for the state.
*Messrs. A. T. & J. London,* for the defendant.

DILLARD, J. This is a prosecution under an act of the general assembly passed at the session of 1876-'77, ch. 38, wherein it is enacted that it shall be unlawful for any person to sell spirituous or malt or other intoxicating liquors on Sunday, except on the prescription of a physician or for medical purposes. The indictment framed under this act charges that defendant on Sunday sold to one White intoxicating liquors, negativing the exceptions. On the trial it was proved by White that he purchased and paid for port wine. The jury returned a verdict of guilty, and thereupon the defendant moved in arrest of judgment because the indictment does not name the particular liquor alleged to

have been sold, and failing in this, she then moved for a new trial upon the ground that no testimony was adduced to prove that port wine was intoxicating, which motion being also denied, the defendant appealed.

It is sufficient as a general rule, in an indictment for an offence created by statute to describe the offence in the words of the statute, and there are but few exceptions. 1 Bish. Crim. Law, § 359, and *State* v. *Stanton,* 1 Ire., 424. The statute enumerates spirituous liquors and malt liquors, as instances merely of intoxicating liquors; and then in order to cover all other instances without naming them, was the more general expression, "intoxicating liquors;" and thereby in legal effect it is the same as if the statute had forbidden the sale of intoxicating liquors without other words. The indictment charging the offence as a selling of intoxicating liquors on Sunday is in a form to fit the proof of guilt as it might turn out to be, and was so designed by the legislature as we think and is held to be sufficient, unless there be something in the rules of law and practice in our state upon the subject of the requisites of indictments in such cases, which shall compel a different construction. In this state we have long had a law forbidding the sale of spirituous liquors, a species of intoxicating liquors, by the small measure without license. And the invariable practice has been to charge the violation in the words of the statute, and no decision can be found holding such description to be insufficient. It was always held competent to convict on proof of the illegal sale of any one of the liquors embraced within the scope of *spirituous liquors.*

So we think it was designed under the statute forbidding the sale of intoxicating liquors on Sunday, that a charge preferred in the bill of indictment in the words of the statute should be sufficient without naming any particular kind of liquors, and on the trial a conviction may be had on proof of rum, brandy, or indeed any liquor that will in-

toxicate, not sold on prescription of a physician or for medical purposes. Whatever may be the doubts of the sufficiency of the bill in this case on account of the generality of the charge, when viewed with reference to the requisites of indictments as treated of in the books on criminal law, the practice in this state with the sanction of the courts under the statute against the sale of spirituous liquors and the construction and rulings of other states on statutes, the same as the one under which this bill is found, or very similar to it, bring us to the conclusion that the bill is sufficient. If a bill charging the offence in the general words of the statute be held insufficient, and it is held that the state is bound to allege and prove in every instance the precise character of the articles sold in violation, then it would become utterly impracticable effectually to enforce any law restraining the sale of intoxicating liquors, by reason of the difficulty of proving the article sold to be the same as that charged, and the facility of proof by the accused of its being different in fact, or by adulteration and mixture.

In Massachusetts they have a statute very similar to ours, and under it bills of indictment were drawn charging the offence in the very words used in the bill against this defendant, and it was objected that the bill was insufficient for want of a specification of the particular liquor alleged to be sold, and the court say that the offence is sufficiently alleged under the description of an "*intoxicating liquor.*" *Com.* v. *Conant,* 6 Gray, 482; *Com.* v. *Odlin,* 23 Pick., 279. To the same effect is the construction in New Hampshire of a statute similar to ours. *State* v. *Blaidsell,* 33 N. H., 388. We hold therefore that the bill of indictment is sufficient and that the defendant's motion in arrest was properly overruled.

As to the motion for a new trial, because no proof was offered that port wine was an intoxicating liquor, the defendant in our opinion has no legal cause of complaint. It was of course a question of fact for the jury, and after proof

---

of the sale of the liquor and that it was port wine, the jury could rightfully as to matters of common knowledge. and experience find without any testimony as to such matters. Now everybody who knows what port wine is, knows that is a liquor and also knows that it is intoxicating. Proof therefore that defendant sold port wine was proof upon which the jury could find the fact of its being intoxicating as a matter within their general knowledge, and the refusal of the court to grant the new trial was not error. Let this be certified to the court below that the judgment of the law may be pronounced.

PER CURIAM · No error.