Dant v. The State.

---

No. 10,210.

## DANT v. THE STATE.

LIQUOR LAW.—*Sale of Intoxicating Liquors.*—*Evidence.*—In a prosecution for the unlawful sale of intoxicating liquors, it is not necessary to show by direct and positive testimony that the liquor was intoxicating; it may be shown by circumstantial evidence.

From the Knox Circuit Court.

*H. Burns* and *J. S. Pritchett,* for appellant.

*D. P. Baldwin,* Attorney General, and *J. S. Long,* Prosecuting Attorney, for the State.

ELLIOTT, J.—This case is before us upon the evidence, the appellant insisting that it is not sufficient to sustain the judgment of conviction entered against him.

Dant *v.* The State.

The indictment charges that the appellant sold one gill of intoxicating liquor on Sunday, the 30th day of October, 1881. The evidence shows that on the day named in the indictment the appellant was a keeper of a saloon where liquors were sold at retail; that the door was open; that a witness, standing upon the sidewalk in front of the saloon, saw one Smitherskamp drink something out of a small-sized glass—a glass, as the witness described it, "about the size of a whiskey glass;" that the liquid which Smitherskamp drank was the color of whiskey; that he laid down a piece of money about the size of a silver half-dollar, and received back some change.

We do not feel authorized to reverse the judgment of the trial court, for we think there was evidence from which the guilt of appellant might have been inferred. The character of the business carried on by him, the character of the articles which he usually sold, and the appearance of the liquid purchased and drank by Smitherskamp, justified the inference that the article purchased was intoxicating liquor. It is not necessary that the character of the thing sold should be proved by direct or positive testimony; it may be established by circumstantial evidence. The gravest crimes, entailing the severest punishment, may be proved by circumstantial evidence, and certainly crimes of less magnitude may be so established.

It is true that the State must prove that the liquor sold was intoxicating. *Klare* v. *State*, 43 Ind. 483; *Plunkett* v. *State*, 69 Ind. 68. The cases holding this doctrine do not go so far as appellant claims, for it is not even intimated in either of them that the character of the liquor sold may not be shown by circumstantial evidence. The facts stated by the witness supplied grounds for the inference made by the trial court, that the liquor which the appellant sold to Smitherskamp was intoxicating. We can not, without violating settled rules of practice, disturb the finding on the facts.

Judgment affirmed.

Petition for a rehearing overruled.