CHARLES NETSO, PLAINTIFF IN ERROR, vs. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. The plaintiff in error was tried under section 11, Chapter 3413, laws of Florida, for carrying on the business of dealer in spirituous, vinous and malt liquors, without the license required by statute authorizing him to carry on such business; and to warrant a conviction, it was necessary for the State to prove that the liquor sold was either a spirituous, vinous or malt liquor. The evidence shows that the plaintiff in error sold *beer*, but this is not sufficient unless it is shown that the beer sold was *malt beer*.

2. The courts will take judicial notice that lager beer, ale, porter and any other liquor made of malt, is a malt liquor.

Writ of error to the Circuit Court from Orange county.

The facts of the case are stated in the opinion.

*A. M. Thrasher* for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

The plaintiff in error was convicted on an information for carrying on business of dealer in spirituous, vinous and malt liquors. The evidence showed that he sold beer. As there is no difference in the license, offence or penalty, where one deals in one or all of these liquors, the evidence is sufficient. No point is made in the plaintiff's brief, and nothing is relied on as error other than that the evidence is only of disposition of " beer," without proving it to be a malt liquor, and, as it is contended, without sufficient proof of sale.

The court will take judicial cognizance that " beer " is a malt liquor, and within the statute. If some beverage of a different character is meant, it is distinguished by further description as " root beer," " sassafras beer," and the like. See Bish. Stat. Crimes, Sections 1006-7 ; People vs.

Wheelock, 3 Parker's Crim. Cases, 9 ; Tompkins vs. Taylor, 21 N. Y., 173.

The evidence is sufficient to prove sale.

MR. JUSTICE MITCHELL delivered the opinion of the court :

The plaintiff in error was tried and convicted at the spring term of the Circuit Court for Orange county, 1887, under Sec. 11, Chap. 3413, Laws of Florida, for carrying on the business of dealer in spirituous, vinous add malt liquors a business for which license is required, without obtaining such license.

Motion to set aside the verdict and for new trial was made and overruled, ruling excepted to, and the case is now before this court upon writ of error.

The only error assigned is the following : " The court erred in refusing to grant a new trial upon the ground set out in the motion for the same, and particularly because the verdict was contrary to the charge of the court and without evidence to sustain it."

The court charged the jury as follows : " If the jury believe from the evidence that the defendant, at the times laid in the information, was a dealer in spirituous, vinous or malt liquors, without first having obtained the license required by law, they will find him guilty as charged in the information * * *."

" If the jury believe from the evidence the defendant did not sell any spirituous, vinous or malt liquors, without first obtaining a license therefor, at the times charged in the information, they will find him not guilty. The sale of one drink under the decision of the Supreme Court is a violation of the law * * *."

" The defendant has the benefit of any reasonable doubt,

which is doubt such as a reasonable man would entertain on the evidence."

The evidence shows that on two different occasions the plaintiff in error sold " beer," but it fails to show what kind of beer he sold. He was tried for selling spirituous, vinous and malt liquors, and in order to sustain a conviction it was necessary for the State to prove that the accused sold, without license, one of the liquors as charged in the information, and as this was not proved the case, clearly, was not made out.

The Attorney General, in his argument assumes that the courts will take judicial cognizance that *beer* is a malt liquor, and cites Bishop on Statutory Crimes, Secs. 1006, 1007 ; People vs. Wheelock, 3 Parker's Crim. Repts., 9 ; and Thompson vs. Taylor, 21 N. Y., 173, as authorities to sustain his position ; but do these authorities sustain the Attorney-General in the position he takes ? We think not. Mr. Bishop, in his work on Statutory Crimes, Sec. 1006, and speaking on this subject, says : " The statutes have various terms to designate the liquor, the selling whereof they regulate or forbid, and the meanings of the several terms, and whether or not the admitted or proven facts of a case are within them, are for the court, while the jury determine what facts the evidence establishes. Yet on this issue there are facts so familiarly known and certain, or so completely a part of the language itself, that the court will take judicial cognizance of them ; hence they need not be proved to the jury. For example, it is judicially known that lager beer is a malt liquor, but probably not that ' pop ' is. And whiskey is judicially known to be intoxicating, but malt liquors are not so known." This, we think, is the correct rule, and, applying it to this case, what is the result ? Why, that the evidence should

have shown, in order to warrant a conviction, that the beer sold was lager beer or some other beer made of malt, so as to bring it within the statutory prohibition for selling malt liquor without a license.

This fact, the fact that the beer sold was any one of the various kinds of beer that is made of malt, being established, it was not necessary to prove to the jury that the beer sold was a malt liquor, because the court could judicially take notice of that fact. This is what Mr. Bishop says in substance, and he does not say, nor do we think that he intends to say, that the courts will judicially take notice that all the various kinds of beer are composed of malt, and hence malt liquors.

The other authorities cited by defendant in error, refer to cases arising under the statutes of New York and which, we think, are not applicable to this case. We see no error in the charge of the court, but believe that the court erred in not granting a new trial.

The judgment is reversed and a new trial granted.