THE STATE OF MISSOURI, Appellant, v. T. J. ATKINS, Respondent.

St. Louis Court of Appeals, April 1, 1890.

1.  Criminal Law : INDICTMENT FOR SELLING INTOXICATING LIQUORS. An indictment, which charges the defendant with having made several sales of intoxicating liquors at the same time, charges but one offense.

2.  ———: ———. The statement of the offense in the indictment in such case is sufficient, if it follows the language of the statute.

*Appeal from the Oregon Circuit Court.*—HON. J. F. HALE, Judge.

REVERSED·AND REMANDED.

*T. J. Braswell,* Prosecuting Attorney, for the appellant.

*Evans, Clarke & Smith,* for the respondent.

ROMBAUER, P. J., delivered the opinion of the court.

An indictment, duly preferred against the defendant in this case under section 1581 of the Revised Statutes of 1879, was quashed by the circuit court upon the defendant's motion challenging it as being vague, uncertain and indefinite, and as setting out several offenses in one count. From this judgment the state appeals. The indictment thus quashed is in the following words:

"STATE OF MISSOURI, ⎰ In the Circuit Court, February
"County of Oregon. ⎱ Term, 1889.

"The grand jurors for the state of Missouri summoned from the body of Oregon county, duly impaneled, sworn and charged to inquire into and true presentment make within and for said county of Oregon and state of Missouri, upon their oaths do present and charge that one T. J. Atkins, late of said county, at and in said county, on the seventeenth day of February, 1889, said day being the first day of the week, commonly called Sunday, and, he having then and there a license as a dramshop-keeper, did then and there unlawfully and wilfully sell, give away, and otherwise dispose of certain intoxicating liquors, to-wit: One drink of whiskey, one drink of wine, and one drink of lager beer, upon or about his premises, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the state."

It was decided in *Storrs v. State*, 3 Mo. 9, that an indictment, charging several sales at the same time, charges but one offense. That has ever since been the law of this state, and the case has been frequently cited and approved. That the indictment was sufficiently definite in other respects is borne out by *State v. Williamson*, 21 Mo. 496; *State v. Roehm*, 61 Mo. 82; *State v. Braun*, 83 Mo. 480.

The judgment is reversed, and the cause remanded for further proceedings. All the judges concur.