### PEOPLE v. SINELL.

*(Supreme Court, General Term, Second Department.* December 10, 1890.)

INTOXICATING LIQUORS—ILLEGAL SALES—CLUBS.

The delivery of intoxicating liquor, the property of the club, by an officer of the club, to a member, and payment therefor by the latter, constitute a sale of the liquor, within the New-York statute forbidding such sale without a license. Following *People* v. *Andrews*, 22 N. E. Rep. 358, 115 N. Y. 427.

Appeal from court of sessions, Rockland county.

Indictment against William F. Sinell for selling strong and spirituous liquors, etc., in quantities less than five gallons at a time, without a license. The defense was that the liquors were the property of a social club, of which defendant was the treasurer, and his son the steward, and that the liquors were furnished by defendant and his son only to members of the club, and the money paid by them therefor was received and expended by defendant, as treasurer, for the expenses of the club. From a conviction on trial by a jury, defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*C. P. Hoffman,* for appellant. *Garrett Z. Snider,* Dist. Atty., for respondent.

DYKMAN, J. The defendant was indicted for a violation of the excise laws by the sale of spirituous liquors, and upon a trial in the court of sessions in Rockland county he was convicted of the offense, and this appeal is from such judgment of conviction. The offense was established upon the trial, but the defense was that the sales of liquor so proven were made by a social club, and not by the defendant. Thereupon the public prosecutor charged and insisted that the club was a sham and a pretense, devised and organized to evade the excise laws, and that question was submitted to the jury, and the verdict was against the defendant. It is therefore to be assumed now that the jury found the club to be a scheme contrived for the evasion of the laws prohibiting the sale of spirituous liquors. The decision of the court of appeals, however, in the case of *People* v. *Andrews*, 115 N. Y. 427, 22 N. E. Rep. 358, sweeps away that defense, and leaves the defendant without any justification. The conviction should therefore be affirmed.