### PEOPLE v. HENSCHEL.

(*Supreme Court, General Term, Second Department.* December 10, 1890.)

1. INTOXICATING LIQUORS—CRIMINAL PROSECUTION—COMPLAINT.
   A complaint alleged that defendant had no license to sell either strong liquor or beer, and, on information and belief, that, at a certain time and place, he did sell intoxicating drink; and several witnesses made affidavits, in support of the complaint, that defendant sold them lager beer which was intoxicating. *Held,* that this was sufficient to give jurisdiction to a justice, and to sustain a warrant of arrest for the misdemeanor charged.

2. SAME—EVIDENCE.
   Upon a complaint charging sales, without license, of intoxicating liquor and ale, there was evidence of sales of lager beer to several persons, and that it was intoxicating if one drank enough of it. *Held,* that there was sufficient proof of its intoxicating quality to be submitted to a jury.

3. SAME.
   A complaint charging sales, without license, of intoxicating liquors and ale, at a certain time and place, was supported by affidavits of persons to whom the drink was sold. *Held,* that this did not preclude the admission of testimony of others, at the trial, to sales made to them at the place and within the time alleged.

4. SAME—SENTENCE.
   Upon a conviction, in a court of special sessions, on a complaint for selling intoxicating liquor in less quantity than five gallons without a license, the court sentenced the defendant to pay a fine of $50 and imprisonment for 30 days. *Held,* that this was authorized by Code Crim. Proc. N. Y. § 717, giving such courts power to render judgment, on conviction, "of fine or imprisonment, or both, as the case may require;" the fine not to exceed $50, nor the imprisonment 6 months.

Appeal from court of sessions, Suffolk county.

Complaint charging Samuel Henschel with the crime of selling intoxicating liquor in quantities less than five gallons at a time without having a license therefor. Upon conviction, on trial by a jury at a court of special sessions, defendant was sentenced to imprisonment for 30 days and to pay a fine of $50, and the judgment was affirmed on appeal to the court of sessions. From the judgment of affirmance, defendant appeals. Code Crim. Proc. N. Y. § 717, relating to courts of special sessions, provides: "When the defendant pleads guilty, or is convicted either by the court or by a jury, the court must render judgment thereon, of fine or imprisonment, or both, as the case may require; but the fine cannot exceed fifty dollars, nor the imprisonment six months."

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Charles R. Street,* for appellant. *Wilmot M. Smith,* Dist. Atty., for respondent.

BARNARD, P. J. The complaint was sufficient to give the justice jurisdiction. It was stated therein that the defendant had no license to sell either strong liquor or beer, and that he was engaged in selling at an auction of one Nevins, in Southtown, intoxicating drink in quantities less than five gallons. The complaint as to the sale was on information and belief. Before the warrant was issued several witnesses made oath in support of the complaint that the defendant sold them lager beer which was intoxicating; that on one occasion he sold the stuff as ginger ale. The purchaser was compelled to testify that it was lager beer. The complaint and affidavits are therefore abundant to sustain the warrant of arrest for the misdemeanor charged. The evidence

in the trial was sufficient to make a case for the jury to pass upon. Sales of lager beer were proven to have been made to different persons, and that lager was intoxicating. The qualification that one must drink enough of it to cause intoxication was for the jury. The complaint charges a sale without license of strong liquor and ale. No specification is made of the persons to whom the drink was sold. The testimony of the witnesses in support of the complaint did not restrict the complaint to sales to those persons. The complaint was general still, and the evidence of witnesses, other than those who were subpœnaed to support the complaint, was admissible. The offenses proven were all shown to be at the Nevins auction, and during the time the auction continued. The sentence conforms to the law. The justice could either fine or imprison, or he could do both, only the fine must be limited to $50 or less, and the imprisonment to not exceeding six months. Code, § 717. The record therefore shows no error, and the conviction must be affirmed.