(7 Misc. Rep. 503.)

## PEOPLE v. LUHRS.

(Court of Sessions, Orange County. March, 1894.)

INTOXICATING LIQUORS—UNLAWFUL SALES—CLUBS.

The sale of liquors to the members of an incorporated club by a servant thereof, where neither the servant nor the club had a license to sell, is unlawful, and the servant is liable criminally.

Appeal from court of special sessions.

Henry J. Luhrs was convicted of selling intoxicating liquors without a license, in violation of Laws 1892, c. 401, § 31. Defendant alleged in defense that the sales were made by him, as an agent of the Cornwall Boating & Fishing Club, to members thereof. There was a judgment of conviction, and defendant appeals. Affirmed.

S. E. Dimmick and George W. Decker, for appellant.
Frank H. Cassedy, for respondents.

BEATTIE, J. There was no dispute as to the essential facts of this case. That the defendant was an officer or agent of a so-called "club;" that members of the club and others drank intoxicating liquors served by the defendant, and paid for by them; that neither the club nor the defendant was licensed to sell liquors,—these were the conceded facts of the case.

The only question debated or debatable under the proof was whether the defendant, as the representative of an incorporated club or association, was liable to criminal prosecution by reason of the sale of liquor by him. The criticism of the defendant's counsel upon the bias of some of the jurors is therefore without weight, because the decision as to the guilt of the defendant is not dependent upon any finding of fact by the jury, but upon the rule of law applicable to conceded facts, and under which the jury would not have been at liberty to find the defendant not guilty. The argument advanced in favor of the defendant is, in effect, that an act declared in general terms to be criminal ceases to be so when done or committed by or on behalf of a corporation or association. Why the voluntary action of individuals in securing a corporate existence should give them immunity from punishment which they could not secure as individuals is not easily to be explained. Corporations may now be formed for almost any purpose or object. When formed, however, they are subject to the police power of the state, and must conform to the laws governing the actions of individuals in like pursuits. That similar organizations have evaded or escaped punishment in other states is urged as controlling the disposition of this case. It may be that the views expressed in some of the cases cited on behalf of the defendant would justify the acts of the defendant; but violations of the criminal law of this state are to be punished under the laws of this state, and such acts as this defendant was concededly guilty of have been passed upon and condemned by our own courts. In the case of People v. Andrews, 115 N. Y. 427, 22 N. E. 358, the defendant was the steward of an unincorporated association who had delivered or sold liquors to the members of the Valley Social Club. Upon the trial the court charged the jury:

"That, where any person acting as agent or steward of such an association does, upon request of a member, deliver to a person not a member liquors belonging to that association, and takes pay from it, although from that member, the transaction constitutes a sale, within the meaning of the statute, and the offense charged in the indictment is complete."

Commenting upon the rule as thus laid down by the trial court upon a review of the conviction of the defendant, the court of appeals say:

"In that we find no error. The liquor belonged to the association; not a legal entity as a corporation, but as joint owners or tenants in common. I do not say that circumstance distinguishes this case from one where the liquor is owned by an incorporated club."

While the case cited differs in the fact that the club was not incorporated, as it was in this case, yet there is a clear intimation that the incorporation would not have availed as a defense. In the case of People v. Bradley, 58 Hun, 601, 11 N. Y. Supp. 594, the defendant was the steward of an incorporated club known as the "Bolivar Lotus Club." He delivered to members of the club lager beer in bottles. The court held that it was entirely immaterial whether the liquor was paid for at the time, whether credit was given, or whether the charge was indicated by punching tickets which had been issued by the club; that the transaction constituted a sale, and that the defendant was properly convicted. In the case of People v. Sinnell, 58 Hun, 607, 12 N. Y. Supp. 40, the defendant was the treasurer of a social club, the liquors were the property of the club, and they were furnished by the defendant to the members only. The money received for such liquors was expended by the defendant for the expenses of the club. Judge DYKMAN, writing the opinion, held that the defendant was properly convicted, and construed the decision in the Andrews Case as depriving the defendant of any defense or justification. The conviction of the defendant is within the authorities cited, and it must be affirmed. The punishment imposed—of six months' imprisonment and $50 fine—is denounced as extreme and unwarranted. Considering the history of litigation growing out of the violation of the excise law, it may be said that every violation of the law against the sale of liquors without a license is of the most deliberate character. The provision of the law is well known, having been practically unchanged since 1857. A violator of the law can have no excuse or plea of ignorance to avoid the punishment that is fixed by legislative authority. The justice was familiar with all the facts of the case, and he had the authority to impose the punishment. People v. Henschel (Sup.) 12 N. Y. Supp. 46. The judgment and conviction must be affirmed. Judgment and conviction affirmed.