## WOLF v. STATE.

Opinion delivered June 16, 1894.

1. *Criminal law—Giving away intoxicating liquor on election day.*
   Under Mansf. Dig., sec. 1850, making the giving away of any
   intoxicating liquors on election days punishable, it is no de-
   fense that the intoxicating liquor was not given with reference
   to the election, as the statute makes no exception.

2. *Judicial notice—Matter of common knowledge.*
   The court takes judicial notice that wine is an "intoxicating liq-
   uor," within the meaning of Mansf. Dig., sec. 1850.

Appeal from Logan Circuit Court.

JEPHTHA H. EVANS, Judge.

*A. S. McKennon* for appellant.

1. The object in passing the law was to protect
the election from the influence of intoxicants. The wine
used in this case had no connection whatever with the
election, and was not intended to influence it or any
voter.

2. That wine is an intoxicant is not judicially
known to the courts. It was not proved that it was
fermented ; if unfermented, it was not an intoxicant.

*Jas. P. Clarke*, Attorney General, and *Chas. T.
Coleman* for appellee.

1. The law does not permit the giving away of in-
toxicants for *any* purpose on election day, whether con-
nected with the election or not.

2. It is matter of common knowledge to courts and
individuals that wine is intoxicating. Courts take judi-
cial knowledge of the fact. Black, Int. Liq. sec. 5; 11
Am. & E. Enc. Law, 582; 64 N. H. 243; 80 N. C. 439;
98 *id.* 720; 37 Ark. 223; 21 Mo. 496.

HUGHES, J. The appellant was convicted of giving
away intoxicating liquor in Logan county, in this State,

on the day of a general election for State officers; and appealed to this court. The liquor given away was wine. He contends that the court improperly refused an instruction which he asked, and committed error in the three instructions given. These instructions are as follows: (1). "The jury are instructed that if the defendant, in Logan county, Arkansas, on election day mentioned in the indictment, within one year next before the finding the indictment, gave or sold to witness, Weeks, any quantity of intoxicating liquors, you will find him guilty, and assess his punishment at a fine," etc. (2). "If defendant conducted witness to the place, and assisted him in procuring intoxicating liquors in any quantity, defendant is as guilty as if he sold or gave it from his own hand." The defendant objected to the giving to the jury each of said instructions, but the court overruled his objections, and the defendant at the time excepted.

The defendant asked the court to instruct the jury as follows: "If you find from the evidence that defendant was not a dealer in liquors, and was in no way connected with the sale of, or traffic in, liquors of any kind, and that the wine given by him to the witness had no connection with, or reference to, the election then being held, you will find the defendant not guilty." The court refused this instruction, and the defendant excepted.

After argument of counsel, the jury retired to consider their verdict at about 2:30 p. m., and during the afternoon were called into court twice, and interrogated by the court why they could not agree upon a verdict, and they replied that they differed as to whether the wine given to witness by defendant was intoxicating or not, and the court instructed them that such was a question of fact which *they alone* should decide; and kept them together until adjourning time, when they, under instructions, were permitted to disperse until 8

o'clock next morning, when they were called into court, and the court then further instructed them as follows: (3). "Wine is an intoxicating liquor within the meaning of the statute, and its sale or gift on election day is prohibited." Defendant objected to the giving of this instruction to the jury, but the court overruled the objection, and the defendant at the time excepted.

Section 1850 of Mansfield's Digest makes the giving away of any intoxicating liquors on the day of any election, or the succeeding night, in any county, city, town or township in which said election may be held, punishable by fine of not less than $200, or imprisonment for not less than six months, or both. It matters not that the giving away of the intoxicating liquor has no reference to the election. The statute makes no exception.

1. Giving away liquor on election day.

The court takes judicial knowledge of the fact that wine is an intoxicating liquor. It is a matter of common knowledge. Black on Intoxicating Liquor, sec. 5; 11 A. & E. Enc. Law, 582; *Jones* v. *Surprise*, 64 N. H. 243; *State* v. *Packer*, 80 N. C. 439; *State* v. *Williamson*, 21 Mo. 496.*

2. Judicial knowledge that wine is intoxicating.

The judgment is affirmed.