Joe Caldwell, Plaintiff in Error, vs. The State of
Florida, Defendant in Error.

1.    A motion in arrest of judgment on the ground of the insuffi-
      ciency of the indictment must be exhibited to the appellate
      court by the record proper, and not by bill of exceptions.
2.    The courts take judicial knowledge,, as it is a matter of com-
      mon knowledge, that wine is intoxicating.
3.    The act of 1899, Chapter 4746, prohibiting the sale of spiritu-
      ous, vinous or malt liquors in localities where the local option
      provision of the constitution has been put in operation, con-
      templates that such liquors shall be intoxicating, and where
      an indictment charges an unlawful sale of wine the court
      may instruct the jury as matter of law that wine is intoxi-
      cating, and as a consequence no harm can come to the
      accused by permitting a witness to state that the wine sold
      was intoxicating.
4.    Under an indictment charging an unlawful sale of wine
      under Chapter 4746, acts of 1899, it is competent to prove the
      sale by showing that a pretended sale of a different article
      was a subterfuge and sham for the sale of the wine.
5.    When a demurrant to evidence makes no offer to reduce the

evidence to a statement on the record of the facts proven or tended to be proven, the court may disregard the demurrer entirely, but if the court overrules such a demurrer and the only evidence exhibited to the appellate court is that found in a regular bill of exceptions and it is sufficient to sustain the verdict rendered in the case, the demurrant has no ground of complaint.

Writ of Error to the Circuit Court for Suwannee County.

The facts in the case are stated in the opinion of the Court.

*Blackwell & Johnson,* for Plaintiff in Error.

*William B. Lamar,* Attorney-General, for the State.

MABRY, J.

Plaintiff in error was tried and convicted at a special term of the Suwannee Circuit Court held in March, 1901, on an indictment found at the regular Fall term of the court in November, 1900, alleging (formal parts omitted) that pursuant to the provisions of an act to provide for the proper enforcement of the provisions of Article XIX of the constitution of 1885, an election was held in said county (Suwannee) on the twenty-seventh day of August, A. D. 1889, to decide whether the sale of intoxicating liquors, wines and beer should be prohibited therein, and at such election a majority of the votes cast was against such sale in said county, and thereafter, on the twenty-eighth day of July, A. D. 1900, in Suwannee county and State of Florida, one Joe Caldwell did then and there unlawfully sell wine, contrary to the statute in such cases made and provided.

No attack was made on the indictment before trial, and the record proper does not show that any was made in the court below.

It is assigned as error and insisted on here that the court erred in overruling a motion in arrest of judgment on grounds questioning the sufficiency of the indictment, but the only evidence we have of such a motion is found in the bill of exceptions, and we can not consider it. It is the rule in this court that motions in arrest of judgment reach only such defects as are apparent upon the record proper. Golding v. State, 31 Fla. 262, 12 South. Rep. 525; Smith v. State, 29 Fla. 408, 10 South. Rep. 894; Bacon v. State, 22 Fla. 51; Jordan v. State, Ibid. 528. All matters appertaining to the record proper must be exhibited by it, and a bill of exceptions can not be utilized to present them, unless it be by legislative direction. Lovett v. State, 29 Fla. 356, 11 South. Rep. 172; Brown v. State, 29 Fla. 543, 10 South. Rep. 736; Roberson v. State, 42 Fa. 223, 28 South. Rep. 424; Brown v. State, 42 Fla. 184, 27 South. Rep. 869.

After proving the local option election in the county as alleged in the indictment, the State proved by a witness, H. A. Bleach, that he went to Caldwell's house on or about the twentieth of July, 1900, and asked for wine; that defendant said he did not have any wine for sale, but did have some jewelry and handkerchiefs for sale, and that if witness would buy a quarter's worth he should have a quart of wine, or that defendant would give witness a quart of wine. Witness then picked out a small handkerchief and paid twenty-five cents for it, and defendant measured out a quart of wine and gave it to him, and that it was understood when payment was made on the handkerchief that witness was to have the wine. This occurred

in Suwannee county, Florida. The State then asked the witness if the wine was intoxicating, and he answered, "yes." The accused objected to the evidence in reference to the intoxicating quality of the wine, and moved to strike it out on the ground that the indictment did not allege the wine to be intoxicating, and also moved to exclude all of the testimony of the witness on the ground that it made a case under section 2633 Revised Statutes, and that there was no provision in the local option law under Article XIX of the constitution making it a crime to give wines or liquors with the sale of other articles. The adverse rulings of the court on these motions are presented as errors.

The sufficiency of the indictment, as we have seen, is not properly presented, and we should not pass upon it, provided it does not entirely fail to allege the crime under the statute. The first statutory provision to enforce the provisions of Article XIX of the constitution of 1885 was Chapter 3700, laws of 1887. In the Revised Statutes of 1892 Chapter 3700 was made the basis of revision on this subject, and is found in sections 857 to 864 inclusive, part 1, Title 11, Sec. 8, of said statutes. The penalty for violating the local option Article when put in operation by proper vote was contained in section 2634 of the revision, but this section was attempted to be amended in 1897—Chapter 4551—in such a bungling way as to be almost meaningless. This latter act was entirely repealed in 1899 by Chapter 4746, and it is under this act that this case is brought. It provides that "whoever sells or causes to be sold any spirituous, vinous or malt liquor in any county or precinct which has voted against the sale of such liquors under the provisions of Chapter 8, Title 11, Division 1, Revised Statutes of the State of Florida, shall be pun-

ished upon conviction thereof by imprisonment in the
county jail not exceeding one year, or by fine not exceed-
ing one thousand dollars," with a proviso not necessary
to give, and containing a repealing clause of all laws in
conflict with it, and especially Chapter 4551 laws of 1897.
By the terms of the statute in force when this case was
tried, Chapter 4746, the sales prohibited are of spirituous,
vinous or malt liquors, and wine would according to gen-
eral knowledge be included within the terms "vinous
liquors." Hatfield v. Commonwealth, 120 Pa. St. 395, 14
Alt. Rep. 151. The act of 1899, however in refering to
spirituous, vinous or malt liquors expressly states such
liquors as have been excluded from sale "under the pro-
visions of Chapter 8, Title 11, Division 1, Revised Stat-
utes of the State of Florida," and we are satisfied that
under Article XIX of the constitution, and the statute put-
ting the same in force, only intoxicating liquors, whether
spirituous, vinous or malt, are designed to be prohibited
by a majority vote against selling at an election held for
that purpose. Butler v. State, 25 Fla. 347, 6 South. Rep.
67. Should it be conceded then, that under the act of
1899 prohibiting the sale of spirituous, vinous or malt
liquors in counties and precincts voting against sales of
liquors under the local option provisions only intoxicating
liquors are meant, the indictment would still not be fatally
defective, provided the courts can take judicial knowledge
that wine is intoxicating. It is stated in section 1038
Bishop's Statutory Crimes, that "where the statuory
expression was 'any fermented and distilled liquor,' it was
adjudged sufficient for the indictment to say 'whiskey;'
because the court knows judicially that whiskey is distilled
liquor. And, in principle, the rule plainly is that, under
the very common term 'intoxicating liquor' in the statute,

the indictment may simply mention by name any liquor which the court judicially knows to be intoxicating; but if any other liquor is thus specified, there must be the additional averment that it is intoxicating." This court has referred to this rule as to matters of proof in the case of Frese v. State, 23 Fla. 267, 2 South. Rep. 1, and Netso v. State, 24 Fla. 363, 5 South. Rep. 8. It is not necessary to now decide whether such an indictment would be good in this State on motion to quash or direct attack before trial. There is some difference of views on the subject, but according to the weight of opinion, it is said, the courts will judicially take knowledge, because it is a matter of common knowledge, that wine is intoxicating. Wolf v. State, 59 Ark. 297, S. C. 43 Am. St. Rep. 34; State v. Packer, 80 N. C. 439; Black on intoxicating Liquors, section 5; 17 Am. & Eng. Ency. of law (2nd ed.), page 199, par. 6. Under this rule the court could have instructed the jury that wine was intoxicating, and of course no harm was done the accused in allowing the witness to state to the jury that the wine he bought was intoxicating.

It is further contended for plaintiff in error that he could have been proceeded against only under section 2633 Revised Statutes providing that "whoever gives, or by pretended sale of any other article furnishes, any liquor, wine or beer to a customer, or permits the same to be done with a view to entice custom, or to evade the law, shall be deemed a seller without a license, and liable to the penalties for selling liquor without a license." A party could not be indicted in a county voting against the sale of intoxicating liquors, wines or beer under this section as a seller without a license, for the reason that the law permitting a license to issue under any circumstances has

been suspended and has no operation. He can only be indicted in such cases for violating the local option law, and proof of sale of any intoxicating liquors, consisting of either spirituous, vinous or malt, will sustain a conviction. According to the proof in this case the jury could very well have reached the conclusion that the pretended sale of the handkerchief was a subterfuge, and that the real sale was the quart of wine. We see no error in the rulings mentioned and of which complaint has been made.

The only other matter which has been argued (aside from the contention that the court improperly overruled a motion in arrest of judgment, which we can not consider for reasons stated) is that the court erred in overruling a demurrer of defendant to the evidence. The demurrant made no offer to reduce the evidence to a statement on the record of the facts proven or tended to be proven. The court might have disregarded entirely the offer of defendant to demur to the evidence because of a failure to comply with the rule in reducing the evidence to a proper record statement. If we are to conclude from the transcript that the court did undertake to consider the demurrer on the evidence that had been introduced in the case and exhibited to us in the bill of exceptions, we are of opinion that there was no error in the ruling. The testimony is sufficient to authorize the jury to infer a sale of wine by defendant in the year 1900, within the county that had prior to that time voted against the sale of intoxicating liquors, wines or beer, and as a consequence put in operation in that territory Article XIX of the constitution, prohibiting the sale of such liquors.

The judgment of the court below will be affirmed, and it is so ordered.