EMANUEL NUSSBAUMER, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

1. The incorporation in the motion for new trial, of the construction placed by counsel upon an instruction given by the court instead of copying therein the exact words of the charge, is not a sufficient identification of the instruction so as to serve as an exception thereto.

2. In a prosecution for the violation of the local option law, if the evidence prove that the defendant sold wine, even though the evidence fail to prove the wine sold to be intoxicating, that is sufficient so far as proof of its qualities as an intoxicant is concerned.

3. In order to establish the fact that the liquor sold is wine, that is, the fermented juice of the grape, the formula under which the liquor is made, its composition and the amount of alcohol it contains as shown by a chemical analysis of it may be proved by an expert, or this fact may be established by non-expert testimony, as that the wine sold was intoxicating. The fact that the liquor sold was intoxicating may be shown by any competent evidence, whether direct or circumstantial.

4. Evidence held sufficient to carry to the jury the question whether the liquor sold by defendant was wine.

This case was decided by Division B.

Writ of Error to the Circuit Court for Jefferson county.

The facts in the case are stated in the opinion of the court.

*T. L. Clarke,* for plaintiff in error;

*W. H. Ellis,* Attorney General, for the state.

PARKHILL, J.—The plaintiff in error, Emanuel Nussbaumer, hereinafter called the defendant, was indicted, tried and convicted in the circuit court for Jefferson county for the violation of the local option law. The indictment is in the statutory form, found in Section 3968 of the General Statutes of 1906.

Assignments of error 1, 2, 3 and 4 are argued and will be considered together. They question the correctness of that part of instructions given by the court to the jury, as follows: "Wine is defined to be fermented grape-juice, and if you believe from the evidence that the defendant sold and delivered wine in the county of Jefferson on or about the time alleged in the indictment and received money therefor, and that prior to such sale or sales said county had voted against the sale of wine by a majority of the votes cast, then you should find the defendant guilty although the evidence fails to prove that such wine was intoxicating."

At the time this charge was given by the court no exception thereto was noted or reserved by the defendant, but he sought to except thereto by incorporating the charge in a motion for a new trial. Objection is made here by the state that the defendant did not sufficiently identify, in his motion for new trial, the charge given by the court and objected to now, and that the motion "refers to charges which the record does not show were given."

The third ground of the motion for new trial reads: "Because the court erred in the instruction to the jury

that the sale of wine is a violation of the law whether or not such wine is intoxicating."

In Shepherd v. State, 36 Fla. 374, text 381, 18 South. Rep. 773, we said: "Under the provisions of Section 2 of Chapter 3431, Act of March 10th, 1883, brought forward and embraced in the Revised Statutes as section 1092, only such charges as were actually given by the court, and that were deemed erroneous, could be made the subject of exception through the medium of embodiment in a motion for new trial." We do not find in the record that the court instructed the jury that "the sale of wine is a violation of the law whether or not such wine is intoxicating," and we do not think the incorporation, in the motion for new trial, of the construction placed by counsel upon the charge given by the court, is to sufficiently embody in the motion for new trial any charge given by the court so as to show that the defendant excepted to the giving thereof. As the question raised by these assignments must be considered under other assignments, however, we will say, the court did not err in the giving of this charge for the reasons given in the further discussion of this subject.

The fifth and sixth assignments of error are based upon the first and second grounds of the motion for new trial, which object to the verdict because the same is contrary to the law and the evidence. It is argued here that the evidence was overwhelming that the liquor sold was not intoxicating, that "there being no proof that the liquor sold was wine (or fermented grape juice as defined by the court) there was no presumption that it was intoxicating, even if no testimony had been offered tending to prove it was not intoxicating." The court correctly defined wine to be the fermented juice of the grape. 30 Am. & Eng. Ency. Law, 890. In order that the defendant be convicted, it is not

necessary that the evidence should prove the wine sold to be intoxicating. Wine is intoxicating. Courts will judicially take knowledge, because it is a matter of common knowledge, that wine is intoxicating. And we held, in the case of Caldwell v. State, 43 Fla. 545, 30 South. Rep. 814, that the court may instruct the jury, as matter of law, that wine is intoxicating. If the evidence prove that the defendant sold wine, even though the evidence fail to prove the wine sold to be intoxicating, that is sufficient, so far as proof of its qualities as an intoxicant is concerned. 7 Ency. of Evidence, 678; Caldwell v. State, supra.

In Wolf v. State, 59 Ark. 297, 27 S. W. Rep. 77, 43 Am. St. Rep. 34, the defendant was convicted of giving away intoxicating liquor on a general election day. The liquor given away was wine. After the jury had retired to consider their verdict, they returned into court and stated they could not agree upon a verdict, because they differed as to whether the wine given to witness by defendant was intoxicating or not. The court further instructed them that "wine is an intoxicating liquor within the meaning of the statute." The supreme court said: "The court takes judicial knowledge of the fact that wine is an intoxicating liquor. It is a matter of common knowledge." Black on Intoxicating Liquors, § 5; Jones v. Suprise, 64 N. H. 243, 9 Atl. Rep. 384; State v. Packer, 80 N. C. 439; State v. Williamson, 21 Mo. 496. The question here is, did the defendant sell wine, as defined by the court?

The witness Puleston testified: "The defendant sold me a quart of wine for which I paid him 25 cents. I suppose it was made from grapes. It was called wine, was sour and I put sugar in it. I think it was intoxicating if one should drink two or three quarts of it. I had been drinking whiskey before I bought the wine."

The witness Finlayson testified that he "bought wine

from defendant, one quart, and paid him 25 cents for it. It looked like wine and we called it wine. I think it was intoxicating, although could drink a large quantity of it and not feel it."

If the jury believed this evidence, and the probative force of the evidence was a question for them, we think it sufficient to sustain the verdict of guilty.

We do not think that it is the purpose or effect of the local option article or of the statute enforcing the same to prohibit the sale of any liquor that is not intoxicating, Butler v. State, 25 Fla. 347, 6 South. Rep. 67, but we know judicially that the fermented juice of the grape is intoxicating. Of course the state must prove the liquor sold to be wine, that is fermented grape juice. In order to establish the fact that the liquor sold is wine, that is the fermented juice of the grape, the formula under which the liquor is made, its composition, and the amount of alcohol it contains as shown by a chemical analysis of it may be proven by an expert, or this fact may be established by non expert testimony, as that the wine sold was intoxicating. One not an expert is a competent witness to express an opinion on the question whether the liquor sold is intoxicating. One who has drunk the liquor in question may though not an expert testify that it is intoxicating. 7 Ency. of Evidence, 679, 780; 23 Cyc., 267. Evidence that if enough of the particular liquor sold be drunk it would produce intoxication is sufficient evidence of its intoxicating properties. People v. Henschel, 58 Hun. 607, 12 N. Y. Supp. 46. It has been said that a witness may state what a particular liquor appeared to be, as that from its appearance a particular liquor was whiskey. Commonwealth v. Dowdican, 114 Mass. 257. On the question of the intoxicating properties of the liquor that the defendant is charged with selling, testimony of witnesses that they drank it and that it produced symptoms

of alcoholic intoxication in them is sufficient, and is sufficient evidence on the point, unless successfully contradicted. 23 Cyc. 267. The fact that the liquor sold was intoxicating may be shown by any competent evidence whether direct or circumstantial. 23 Cyc. 266; 7 Ency. of Evidence, 679; Dant v. State, 83 Ind. 60. It is not required in order to show that the particular liquor sold was intoxicating, that the liquor about which the witness testifies actually intoxicated him. Green v. State, (Tex. Cr. App.) 35 S. W. Rep. 967. The opinion of a witness as to the kind of liquor which he bought of the defendant and drank is competent evidence, if he has had personal experience or observation such as to enable him to form a correct opinion. 23 Cyc. 266; State v. Miller, 53 Iowa, 84, 4 N. W. Rep. 838; Carson v. State, 69 Ala. 235; Merkle v. State, 37 Ala. 139. In the instant case, the witnesses mentioned already, testified positively that they bought wine from the defendant. Afterwards, as if in explanation of how they knew it to be wine, they testified that it looked like wine, it was called wine, we called it wine, it was sour. One witness said: "I suppose it was made from grapes," and the defendant said "it is made of grape juice and water, mostly water." One witness said, "I think it is intoxicating, if one should drink two or three quarts of it." The other witness said: "I think it was intoxicating, although could drink a large quantity of it and not feel it." We think there was evidence here to carry to the jury the question whether the liquor sold by defendant was the fermented juice of the grape or wine, which is an intoxicating liquor within the meaning of the statute.

A witness for the state testified: "I don't think the stuff he (defendant) sold was intoxicating, not unless other liquor was mixed with it." Other witnesses testified that they were acquainted with the drink de-

fendant is charged with selling, the same thing is made by other Germans of that neighborhood, it is made of grape juice and water, it is not fermented, is sour, and is not intoxicating. The defendant testified that "these boys buy this stuff from me when they are drinking whiskey, bring the whiskey out with them and mix it with it; that is how they get drunk. The slop I make won't make them drunk." Here was a conflict in the evidence, and as the jury believed the witnesses for the state, we think the evidence is sufficient to sustain a verdict of guilty.

The judgment is affirmed.

TAYLOR and HOCKER, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur.