TOM STEPHENS, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

1. A criminal case, made up under the rules for civil cases, is governed by those rules, and the sufficiency of the evidence will not be considered in the absence of a certificate of the trial judge that the bill of exceptions contains all the evidence

2. To review rejected instructions in a criminal case certified under the rules for civil causes, it is essential that all the charges given appear in the transcript.

This case was decided by Division A.

Writ of Error to the Circuit Court for Gadsden County.

The facts in this case are stated in the opinion of the court.

*Davidson* and *Buford,* for plaintiff in error;

*W. H. Ellis,* Attorney General for the state.

COCKRELL, J.—Tom Stephens was convicted in the circuit court for Gadsden county of the crime of larceny of domestic animals and sentenced to the state's prison

for a term of two years. Upon writ of error thereto he assigns error upon the sufficiency of the evidence and the refusal of the court to give two requested instructions.

The transcript presented to this court has been made up and certified under the rules pertaining to civil causes under the option allowed the plaintiff in error in criminal causes and having so elected he must be held to a compliance with those rules as it is not permissible to confuse the two methods in the same transcript. See Clinton v. State, 53 Fla. 98, 43 South. Rep. 312.

The rule as to civil causes provides succinctly that if the bill of exceptions contains all the evidence the judge shall so certify in the bill and "in the absence of such certificate the bill will be treated and taken as one not embracing all the evidence." There is no such certificate before us and we are not therefore called upon to pronounce upon the sufficiency of the evidence.

This rule also provides that if "error be predicated upon charges given or refused all the charges given at the trial shall be inserted in the bill of exceptions." The reason for the rule is obvious; as to a charge given its imperfection may be absolutely cured by other charges and as to charges refused, the refusal may have been based upon the desire to avoid repetition. In any event it is the duty of the plaintiff in error to make error plainly to appear and in the manner provided by the lawful rules promulgated to that end.

The record does not purport to contain any charge, much less all the charges given at the trial and we therefore decline to review those rejected.

Practically all that we here say has been settled by us in the opinion filed at this term in the case of Allbritton v. State.

It follows that the judgment is affirmed.

SHACKLEFORD, C. J., and WHITFIELD, J., concur;

TYALOR, HOCKER and PARKHILL, JJ., concur in the opinion.