Ladson v. State.—Syllabus.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.

---

GEORGE LADSON, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. Section 3556 of the General Statutes of 1906, as amended by Section 1 of Chapter 5690 of the Laws of 1907, providing for the prosecution of those selling liquor in counties or precincts voting against such sale, is not unconstitutional because of the omission of the word "intoxicating" before the word "liquors" therein.

2. An indictment in the form prescribed in Section 3968 of the General Statutes of 1906, charging the accused with carrying on the business of a dealer in liquors need not allege in terms that the liquors were intoxicating.

This case was decided by Division A.

Writ of Error to the Circuit Court for Hernando County.

The facts in the case are stated in the opinion of the court.

*G. C. Martin,* for plaintiff in error;

*W. H. Ellis,* Attorney General, for the State.

SHACKLEFORD, C. J.—The plaintiff in error was convicted of carrying on the business of a liquor dealer in violation of the local option law, and seeks relief here upon writ of error.

Only one error is assigned, which is based upon the

denial of the motion in arrest of judgment. This motion is as follows:

"Now comes the defendant in the case above case by G. C. Martin, his atty., after the jury who tried this case had rendered its verdict of guilty against said' defendant and moves the court to set aside said verdict and that no judgment 'be rendered therein because of the following reasons:

First. That Section 3556 of the General Statutes of the State of Florida as amended by Chapter 5690 Acts of 1907, under 'which the true bill in this case was found, is unconstitutional in that it is not in conformity with the provisions of Article 19 of the Constitution of the State of Florida, in that it attempts to inhibit the sale of liquors other than intoxicating liquors.

2nd. Because said Section 3556 · so amended by Chapter 5690, Acts 1907, does not charge or define such an offense as the Legislature had a right to denounce under the Article 19 of the Constitution of the State of Florida.

3rd. Because the said Section 3556 so amended as above stated does not charge or denounce an offense under the Constitution of the State of Florida.

4th. Because the indictment in this case being based on said Section 3556 so amended as above stated charges no offense known to the laws of the State of Florida."

Section 3556 of the General Statutes of 1906, as amended by Section 1 of Chapter 5690 Laws of 1907, is as follows:

"Section 1. That Section 3556 of the General Statutes of the State of Florida relating to the sale of liquor in counties and precincts voting against such sale be and the same is hereby amended so as to read as follows:

'Section 3556. Selling Liquor in Counties or Precincts Voting Against Such Sale.—Whoever sells or

causes to be sold any spirituous, vinous or malt liquors in any county or precinct which has voted against the sale of such liquors under the provisions of Article 19 of the Constitution of the State of Florida, shall be punished by imprisonment not exceeding one year or by fine not more than one thousand dollars, and the cost and expenses of the prosecution and conviction in each case shall include the sum of fifty dollars which shall be paid to the person furnishing the testimony upon which the conviction is secured, and when such expenses and costs including the sum to be paid to the person furnishing the testimony aforesaid cannot be collected from the person or persons who may be convicted under the provisions of this act, the same shall be paid by the county in which such conviction is had, as in other cases.' "

It is earnestly contended by the defendant that the statute in question is unconstitutional by reason of the omission of the word "intoxicating" before the word "liquors" and that the indictment is fatally defective for the same reason. Unfortunately for the defendant, his contention has already been decided adversely to him by this court in Brass v. State, 45 Fla. 1, 34 South. Rep. 307, which was followed and approved in Crabb v. State, 47 Fla. 24, 36 South. Rep. 169. See also Nussbaumer v. State, 54 Fla. 87, text 91, 44 South. Rep. 712, text 714. It is unnecessary to repeat what was there said.

As this disposes of the only question presented to us for consideration, the judgment must be affirmed.

COCKRELL and WHITFIELD, JJ., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.