JULIUS HALLBECK, *Plaintiff in Error* v. THE STATE OF FLORIDA, *Defendant in Error.* .

1. Section 3556 of the General Statutes of 1906, as amended by Section 1, Chapter 5690, page 203, Laws 1907, providing for the prosecution of those selling liquor in counties or precincts voting against such sale, is not unconstitutional because of the omission of the word "intoxicating" before the word "liquors" therein.

2. An indictment in the form prescribed in Section 3968 of the General Satutes of 1906, charging the accused with carrying on the business of a dealer in liquors, need not allege in terms that the liquors were intoxicating.

3. Prior to the adoption of Special Rule 6 on the 2nd day of March, 1905, Rule 103, adopted at the April Term, 1873, governed in the preparation of transcripts and bills of execeptions in criminal cases. Special Rule 6 gives the plaintiff in error in criminal and *habeas corpus* cases the option to have the transcript of the record and bill of exceptions made up, settled and certified, eithen in accordance with special Rules 1, 2 and 3, adopted on the 2d day of March, 1905, or in compliance with such Rule 103. The respective modes of procedure must not

be blended, but one or the other of such modes must be selected and followed.

4.  It will not avail to single out isolated portions of a paragraph of a charge or instruction upon which to assign error, when, taken as a whole, the charge or instruction is found to be correct.

5.  Where it affirmatively appears that the term of the Circuit Court at which the defendant was tried and convicted was held in a certain designated county, the sentence or judgment of the court is not defective because it fails to specifically name the county in which the county jail is situated where the defendant was to be confined, in default of the payment of the fine imposed.

This case was decided by the court En Banc.

Writ of Error to the Circuit Court for St. Lucie County.

The facts in the case are stated in the opinion of the court.

*Parker & Broome,* for Plaintiff in Error.

*Park Trammell,* Attorney General, for the State.

SHACKLEFORD, J.—The plaintiff in error was convicted in the Circuit Court for St. Lucie County of carrying on the business of a liquor dealer in violation of the local option law, and seeks relief here upon writ of error.

Sixteen errors are assigned, but it is unnecessary to consider them in detail. Suffice it to say that they question the validity of the indictment, the sufficiency of the evidence, the correctness of the instructions to the jury, and also attack the validity of the judgment and sentence,

several of the assignments being expressly abandoned and others not argued, therefore must be treated as abandoned.

The indictment is based upon Section 3968 of the General Statutes of 1906 and is in the form prescribed by such statute, therefore all the assignments based upon the indictment must fail. See Ladson v. State, 56 Fla. 54, 47 South. Rep. 517, where the question is discussed and prior decisions of this court are cited.

We cannot consider any of the assignments which question the sufficiency of the evidence, for the reason that they are not properly before us. The bill of exceptions appear to have been made up, settled and signed under the provisions of Rule 103 adopted in 1873, while the transcript of the record appears to have been made up in compliance with Special Rules 1, 2 and 3 of the Supreme Court Rules adopted March 2, 1905. There is no certificate in the bill of exceptions that such bill contains all the evidence, as is contemplated and required by such Special Rules when the transcript and bill of exceptions are made up thereunder and assignments question the sufficiency of the evidence. Neither is the certificate to the transcript in the form prescribed by Rule 103, to the effect that "all of the proceedings" are embraced therein, but such certificate is in compliance with the form laid down in Special Rule 3. It affirmatively appears that all the proceedings are not embraced in the transcript, while there is no showing that all the evidence is embraced in the bill of exceptions. This confusion comes of blending the modes of procedure in making up the bill of exceptions and the transcript, instead of proceeding either under Rule 103 or under Special Rules 1, 2 and 3. See Clinton v. State, 53 Fla. 98, 43 South. Rep. 312; Albritton v. State, 54 Fla. 6, 44 South. Rep.

745; Stephens v. State, 54 Fla. 107, 44 South. Rep. 710; Pope v. State, 56 Fla. 81, 47 South. Rep. 487.

As to the assignments founded upon portions of the general charge given by the court to the jury it seems sufficient to say that a careful reading thereof as an entirety discloses that it is free from the vices with which the plaintiff in error contends that it is infected, and states the law fairly and correctly, so we fail to see wherein the jury could have been misled or confused thereby. It will not avail to single out isolated portions of a paragraph of a charge or instruction upon which to assign error, when, taken as a whole, the charge is found to be correct. This principle has been repeatedly enunciated by this court.

Complaint is made of the sentence or judgment because it fails to specifically name St. Lucie County as the county in which the jail is situated where the defendant is to be confined, in default of the payment of the fine imposed. There is no merit in this contention and a discussion thereof would be fruitless.

Judgment affirmed.

All concur, except PARKHILL, J., absent on acount of illness.